```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  BRIAN W. ENOS
    Assistant United States Attorney
 3  United States Courthouse
    2500 Tulare Street, Suite 4401
 4  Fresno, California 93721
    Telephone: (559) 497-4000
 5  Facsimile: (559) 497-4099

 6  Attorneys for
     the United States of America
 7
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 1:10-cr-00431 LJO |
|---|---|
| Plaintiff, | ) **STIPULATION TO CONTINUE TRIAL DATE AND CHANGE PREVIOUSLY SET MARCH 13, 2012 TRIAL DATE TO CHANGE OF PLEA HEARING OR TRIAL CONFIRMATION HEARING; ORDER (NOTE DATE CHANGES)** |
| v. | |
| DENNIS ANTIEAU, | ) Date: N/A |
| Defendants. | ) Time: N/A ) Ctrm: 4 ) Hon. Lawrence J. O'Neill |

**PREFATORY NOTE:** On October 14, 2011, defendant in this action moved to continue its previously set November 7, 2011 trial date to March 6, 2012. Doc. 23. Defendant based his motion due to health concerns relating to defense counsel and in need of prompt medical attention. Docs. 21 and 22. After hearing argument (which counsel for the government did not oppose), the court granted defendant's motion, and continued the trial to March 6, 2012. Doc. 23.

This continuance date was based on argument and supporting documentation contemplating defense counsel's anticipated

1

**STIPULATION TO CONTINUE TRIAL DATE AND CHANGE PREVIOUSLY SET MARCH 13, 2012 TRIAL DATE TO CHANGE OF PLEA HEARING OR TRIAL CONFIRMATION HEARING; ORDER**

recovery to occur by late-January 2012. Time was excluded through the new trial date. Doc. 23. On October 25, 2011, the court moved the trial date one week, or until March 13, 2012. Doc. 26.

Since this time, defense counsel has learned from his physician that he will remain "temporarily totally disabled ... until: February 24, 2012", a month longer than originally anticipated. Exhibit "A".

In light of defense counsel remaining "totally disabled" longer than first anticipated, **THE PARTIES HEREBY STIPULATE**, through their respective attorneys of record, that the start of this action's trial be continued from Tuesday, March 13, 2012 to a date in April or May 2012. Specifically, the parties understand that the court's calendar may best accommodate a continued trial date of May 30, 2012. If the court instead believes a continuance to April is most warranted, counsel would also be available on April 24, 2012.

The parties base this stipulation on good cause, and in a variety of respects. First, prior to defense counsel going on medical leave, the parties extensively worked on resolving this case, despite its containing case-specific 18 U.S.C. § 3553 issues requiring significant client contact and finesse. In fact, last October the parties came close to a global resolution. If the trial date were not moved, both counsel and agents for the government would need to spend significant time and other resources working the case up for trial without being able to also further negotiate a resolution. This would potentially lead

1  to a waste of ever-diminishing resources available both to
2  government counsel and relevant agencies.[1]
3       Second, since the continuance would essentially correspond
4  only to defense counsel's unexpected additional recovery time, it
5  would result in no unnecessary delay to either party or the
6  court.  Third, the above requested continuance dates neither are
7  set so far out as to diminish any momentum in resolving this
8  case, or so close as to significantly risk the parties having to
9  seek yet another continuance if defense counsel fails to
10 sufficiently heal by February 24, 2012.  In light of this, the
11 parties further agree to change this action's previous trial
12 date, March 13, 2012, to a court appearance designed either to
13 set a change of plea hearing, or alternatively address trial
14 confirmation issues, depending on the extent their prior case
15 resolution efforts ultimately prove successful.
16      Any delay resulting from this continuance shall be excluded
17 in the interests of justice, and the ends of justice in endorsing
18 this stipulation through formal order outweigh the interests of
19 defendants and the public in a speedy trial.  See 18 U.S.C. §§
20 ///
21 ///
22 ///
23 ///

---

[1] This is particularly true in light of the fact that, on January 3, 2012, Judge Ishii sua sponte continued a January 10, 2012 trial date to February 28, 2012 regarding another matter due to conflicts on his calendar. (US v. Garza, 1:10-cr-00165 AWI).  As a result, the government would need to significantly work up this case not just before this action's trial, but also prior to the Garza case's commencement.  Although government counsel indeed had a hand in setting the new February 28, 2012 date, that date was the best available continuance date in light of then-set February 14, 2012 (US v. Halvorson, 1:10-cr-00449 LJO) and March 13, 2012 (Antieau) trial dates in this courtroom.
3

**STIPULATION TO CONTINUE TRIAL DATE AND CHANGE PREVIOUSLY SET MARCH 13, 2012 TRIAL DATE TO CHANGE OF PLEA HEARING OR TRIAL CONFIRMATION HEARING; ORDER**

```
1    3161(h)(7)(A) and 3161(h)(7)(B)(ii).
2                                          BENJAMIN B. WAGNER
                                           United States Attorney
3
4    Dated: February 2, 2012       By: /s/ Brian W. Enos_____
                                       BRIAN W. ENOS
5                                      Assistant U.S. Attorney
6
                                       (As auth. 2/1/12)
7
     Dated: February 2, 2012          /s/ Richard P. Berman
8                                     RICHARD P. BERMAN
                                      Attorney for Dennis Antieau
9
```

10                               **ORDER**

11   The trial date of March 13, 2012 is vacated.

12   The new trial date is May 30, 2012 at 8:30 a.m. and will not be continued.

13

14   Either the change of plea or the trial confirmation will take place at 9:45 a.m. on Monday, March 12, 2012.

15   If there is no change of plea on March 12, 2012, the trial will be confirmed, and after that confirmation, the Court will not
16   accept anything except a straight-up plea.  There will be no more delays in this case.

17
18   Time is excluded to the date of the requested trial date, based on the factual statements made in this request by counsel.

19

20

21   IT IS SO ORDERED.

22   **Dated:   February 2, 2012**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE
23

4

**STIPULATION TO CONTINUE TRIAL DATE AND CHANGE PREVIOUSLY SET MARCH 13, 2012 TRIAL DATE TO CHANGE OF PLEA HEARING OR TRIAL CONFIRMATION HEARING; ORDER**